IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2005 JUL 27 PM 1:40
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
         DEPUTY

| | |
|---|---|
| MARTHA CASTILLEJA, AS LEGAL REPRESENTATIVE OF THE ESTATE OF ALFONSO CASTILLEJA, DECEASED AND INDIVIDUALLY AS HEIR AND GEORGE A. CASTILLEJA, JAMES E. CASTILLEJA, NICOLAS G. CASTILLEJA, AND CYNTHIA A. LOPEZ, INDIVIDUALLY AND AS HEIRS OF ALFONSO CASTILLEJA, DECEASED § § § § § § § § § § | |
| VS. § § § § § | CIVIL ACTION NO. _____<br><br>A05CA580 SS |
| ALCOA, INC. d/b/a ROCKDALE WORKS § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME, Martha Castilleja, George A. Castilleja, James E. Castilleja, Nicolas G. Castilleja, and Cynthia A. Lopez, Plaintiffs in the above styled and numbered Action, and file this their Original Complaint complaining of ALCOA, INC. d/b/a ROCKDALE WORKS and would respectfully show the Court as follows:

### PARTIES

1. Plaintiff Martha Castilleja was the spouse of Alfonso Castilleja, deceased, and is an individual residing in the State of Texas. Martha Castilleja is the Executrix of the Estate and Heir of Alfonso Castilleja, deceased.

2. Plaintiff George A. Castilleja was the son of Alfonso Castilleja, deceased, and is an individual residing in the State of Texas.



3.  Plaintiff James E. Castilleja was the son of Alfonso Castilleja, deceased, and is an individual residing in the State of Texas.

4.  Plaintiff Nicolas G. Castilleja was the son of Alfonso Castilleja, deceased, and is an individual residing in the State of Texas.

5.  Plaintiff Cynthia A. Lopez was the daughter of Alfonso Castilleja, deceased, and is an individual residing in the State of Texas.

6.  Defendant, ALCOA, INC. d/b/a ROCKDALE WORKS, is a Pennsylvania corporation with its principal place of business in Pennsylvania and may be served by serving its registered agent, Corporation Service Company d/b/a CSC –Lawyers Incorporating Service Company, at 701 Brazos Street, Suite 1050, Austin, Texas 78701, or by serving its president or any vice president anywhere they may be found.

## JURISDICTION AND VENUE

7.  The Court has jurisdiction over this Action based on diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a) because ALCOA, INC. is incorporated in the State of Pennsylvania and maintains its principal place of business in the State of Pennsylvania. Plaintiffs are citizens of the State of Texas. This Action involves a claim for gross negligence and the wrongful death of Alfonso Castilleja making Plaintiffs' claim for damages more than the amount of $75,000.00 excluding interest and costs. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(a) because the Defendant resides there and a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred there.

8.  Plaintiffs are all of the heirs of ALFONSO CASTILLEJA, deceased. Martha Castilleja is also the legal representative of the Estate of Alfonso Castilleja, deceased. Plaintiffs represent that there are no debts owed by the estate of ALFONSO CASTILLEJA.

## FACTS

9.  ALFONSO CASTILLEJA was a regular full-time employee of Defendant ALCOA, INC. since 1969 and was assigned to work at ALCOA's Rockdale, Texas aluminum smelting plant as a crane maintenance service attendant. On or near March 19, 2004, ALFONSO CASTILLEJA was working for Defendant with several co-workers when he complained of shortness of breath and nausea. A co-worker called the ALCOA medical office for emergency assistance.

10. As of March 19, 2004, Defendant ALCOA's policy was that it would initially respond to medical situations involving its employees at the Rockdale plant with its own security or medical personnel. Whenever a medical emergency would arise employees were instructed to call ALCOA's medical department for response.

11. Although ALCOA was advised of a medical situation involving ALFONSO CASTILLEJA, it failed to send either a trained medical person or a security officer, but, instead, sent an employee who was delivering lunches to pick-up ALFONSO CASTILLEJA in his motorized cart. This employee had no medical training or otherwise possessed skills in assessing a possible heart attack victim.

12. The employee failed to transport ALFONSO CASTILLEJA directly to the medical department and it was only much later that ALFONSO CASTILLEJA was seen by medical personnel. ALFONSO CASTILLEJA was not transported by an ambulance to the emergency room at a nearby hospital until approximately two hours and fifteen minutes after workers first called in the incident to ALCOA.

13. ALFONSO CASTILLEJA died as a result of ALCOA's untimely and negligent response to his heart attack. Plaintiffs are the estate, surviving spouse and heirs of ALFONSO

CASTILLEJA, deceased. Each Plaintiff had a close and loving relationship with the Decedent and have lost their companionship, society, advice and services, among other things.

## CAUSES OF ACTION

14. **Negligent Undertaking.**   As of March 19, 2004, ALCOA had a policy in place to respond by itself to the medical needs of employees present at the Rockdale plant. At the time in question, ALFONSO CASTILLEJA was present at the Rockdale plant for the mutual benefit of himself and ALCOA and, therefore, held the status of an invitee. In response to his co-worker's call for medical attention on behalf of ALFONSO CASTILLEJA, ALCOA undertook the responsibility of responding to the situation and in doing so ALCOA failed to exercise the standard of ordinary care under the circumstances in one or more of the following acts and/or omissions:

1. Failing to timely respond to a call for medical assistance;
2. Failing to respond to a call for medical assistance with medically trained personnel;
3. Failing to follow its own procedures in responding to a call for medical assistance;
4. Failing to adequately monitor and care for an ill person it undertook to care for;
5. Failing to timely call an ambulance;
6. Failing to query necessary information about the patient; and
7. Failing to have and/or implement adequate policies and procedures for undertaking the care of a person in need of emergency medical assistance.

15. The negligent acts and/or omissions of Defendant ALCOA, INC. were a proximate cause of the death of ALFONSO CASTILLEJA and of the damages for which Plaintiffs hereby sue.

16. **Survival Action.**   Martha Castilleja is the Executrix and Legal Representative of the Estate of Alfonso Castilleja, deceased, according to the last Will and Testament of the decedent.

17. Plaintiffs contend that Defendant's negligent acts and/or omissions described above at paragraph 14 proximately caused ALFONSO CASTILLEJA to suffer pain and mental anguish prior to his death and that such negligence would have been actionable by ALFONSO CASTILLEJA had he survived his injuries. Plaintiffs hereby sue for all damages, including funeral expenses, allowed by Tex. Civ. Prac. & Rem. Code Sec. 71.021.

18. **Wrongful Death.** Plaintiffs are the surviving heirs of ALFONSO CASTILLEJA, deceased. Defendant committed acts and/or omissions of negligence, as described above in paragraph 14, that proximately caused injuries which caused the death of ALFONSO CASTILLEJA. Such acts of negligence would have been actionable by the Decedent had he survived his injuries.

19. As a result of Defendant's conduct, Plaintiffs have sustained actual damages related to the loss of ALFONSO CASTILLEJA including loss of companionship and society, loss of support, mental anguish, loss of advice and counsel, loss of inheritance, funeral expenses and loss of services and hereby sue for the wrongful death of ALFONSO CASTILLEJA.

20. **Gross Negligence.** Plaintiffs will show that Defendant acted with gross negligence in the acts and/or omissions alleged herein which when viewed objectively from the standpoint of ALCOA at the time of their occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to ALFONSO CASTILLEJA; and of which Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of ALFONSO CASTILLEJA. Plaintiffs hereby sue for exemplary damages in the maximum amount allowed by law.

5

21. **The Texas Worker's Compensation Act does not Preempt Plaintiffs' Claim.**

In the event ALCOA was a subscriber of the Texas Worker's Compensation Act, the causes of action and the damages arising out of the events complained of are not preempted by the Texas Worker's Compensation Act pursuant to Section 408.008 of that Act because the heart attack suffered by ALFONSO CASTILLEJA, deceased, 1) cannot be identified as occurring at a definite time and place; and caused by a specific event occurring in the course and scope of his employment; 2) the preponderance of the medical evidence does not indicate that his work was a substantial contributing factor of the attack; and 3) the attack was triggered solely by emotional or mental stress factors.

## DAMAGES

22. As the direct and foreseeable result of the negligent acts and/or omissions of Defendants, Plaintiffs hereby sue to recover the following damages:

   1. Medical expenses;
   2. Funeral expenses;
   3. Loss of support;
   4. Physical pain and mental anguish;
   5. Loss of consortium;
   6. Loss of companionship and society;
   7. Loss of inheritance;
   8. Loss of advice, counsel and services; and
   9. Exemplary damages.

## JURY DEMAND

23. Plaintiffs hereby demand trial by jury.

## CONDITIONS PRECEDENT

24. All conditions precedent to this cause of action have been performed or have otherwise occurred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Martha Castilleja, as Legal Representative of the Estate of Alfonso Castilleja, deceased, and Individually as Heir and George A. Castilleja, James E. Castilleja, Nicolas G. Castilleja, and Cynthia A. Lopez, Individually and as Heirs of ALFONSO CASTILLEJA, deceased, pray that, upon final hearing, judgment be rendered against Defendant, ALCOA, INC. d/b/a Rockdale Works, and that Plaintiffs recover their actual damages, special damages, exemplary damages, pre and post-judgment interest as allowed by law, costs of court and all further relief to which Plaintiffs may be entitled by law or equity.

Respectfully submitted,

**MARTIN & CUKJATI, L.L.P.**
1802 Blanco Road
San Antonio, Texas 78212
Telephone: (210) 223-2627
Facsimile: (210) 223-5052

DREW S. RICHMAN
State Bar No.: 24010348
**CURTIS L. CUKJATI**
State Bar No. 05207540

**LAW OFFICES OF
PAT MALONEY, P.C.**
Pat Maloney, Jr.
State Bar No. 12887300
239 East Commerce
San Antonio, Texas 78205
Telephone: (210) 226-8888
Facsimile: (210) 222-8477

**ATTORNEYS FOR PLAINTIFFS**